UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ALLEN DAVIS,

Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendant.

Case No. 1:25-cv-1887

Honorable Paul L. Maloney

# **OPINION**

Plaintiff Dennis Allen Davis sues Defendant Federal Home Loan Mortgage Corporation (Freddie Mac). Plaintiff claims "a financial interest" in real property at 5494 Wilson Road, Fruitport, Michigan (the Wilson Road Property). (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that Freddie Mac "purportedly purchased the property at a sheriff's sale on January 8, 2010, resulting in a sheriff's deed dated January 19, 2010. (*Id.*) Plaintiff claims that Freddie Mac's sheriff's deed is void *ab initio*. (*Id.*)

Freddie Mac initiated a summary eviction proceeding in the Muskegon County 60th District Court. (*Id.*, PageID.4.) Freddie Mac removed that action to this Court, *Federal Home Loan Mortgage Corp. v. Ervin Joseph Lamie et al.*, No. 1:11-cv-577 (W.D. Mich.). (*Id.*, PageID.4.) That case was one of two then pending in this Court; the other was *Ervin Joseph Lamie, Jr. v. Fifth-Third Mortgage-Mich. L.L.C. et al.*, No. 1:11-cv-156 (W.D. Mich.). Plaintiff claims that the proceedings in the state court and this court were fundamentally flawed and void *ab initio*. (*Id.*, PageID.4–5.)

Plaintiff raises the following grounds for relief:

> **Count I: Declaratory Judgment (28 U.S.C. § 2201)**
>
> 13. . . . The foreclosure, sheriff's deed, state-court eviction, and federal orders in Case No. 1:11-cv-577 are void ab initio due to the jurisdictional and due process defects described. Plaintiff seeks a declaration that Judge Neff's orders, including the Writ of Restitution are void and unenforceable.
>
> **Count II: Due Process violation (42 U.S.C. § 1983)**
>
> 14. . . . Freddie Mac, acting under color of state law in the foreclosure and eviction processes, deprived Plaintiff one of the interested parties of property without due process by proceeding without proper service, standing, or jurisdictional prerequisites.
>
> **Count III: Quiet Title and Ejectment (Mich. Comp. Laws §§ 600.2932, 600.5701 et seq.)**
>
> 15. . . . Plaintiff holds a superior interest in the stated real property by his financial interest in such and Ervin LaMie holds superior title via the 2008 quitclaim deed. Freddie Mac's claimed title is invalid. Plaintiff seeks to quiet title in his favor and eject any trespassers.
>
> **Count IV: fraud on the Court (Fed. R. Civ. P. 60(d)(3))**
>
> 16. . . . Freddie Mac perpetrated fraud on the court by pursuing foreclosure and eviction without standing, failing to disclose the promissory note defect, and ignoring service failures, warranting setting aside the prior judgment.

(*Id*., PageID.6.)

Plaintiff has moved for summary judgment on his claims. (ECF No. 11.) Defendant has responded with a cross-motion for summary judgment. (ECF No. 12.) Plaintiff has also requested expedited consideration of his motion. (ECF No. 16.) For the reasons set forth below, the Court will deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, deny Plaintiff's motion for expedited consideration as moot, and dismiss this action with prejudice.

## I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288–89 (1961)). "Putting all of that together, Rule 56 asks 'whether [the evidence is so one-sided that one party must prevail as a matter of law.'" *DeVooght v. City of Warren, Mich.*, 157 F.4th 893, 899 (6th Cir. 2025) (quoting *Anderson*, 477 U.S. at 252).

Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*. The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021). Nonetheless, a court need not accept bare legal conclusions couched as factual allegations or unwarranted factual inferences in resolving a motion for summary judgment. *See, e.g., Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 969 (6th Cir. 2007) ("Even under the generous standard of review for a grant of summary judgment, we do not 'accept as true legal conclusions or unwarranted factual inferences.'"). Plaintiff's complaint, briefs, and "affidavits" are replete with legal conclusions and unwarranted factual inferences. Indeed, stripping away Plaintiff's legal conclusions essentially eliminates most of his allegations and affidavit testimony.

By way of example, Plaintiff's claims for relief depend upon his legal conclusion that Freddie Mac's sheriff's deed was "void *ab initio*." (Compl., ECF No. 1, PageID.3.) Plaintiff's claims also depend on his legal conclusion that the eviction proceeding, including the proceedings

in this Court, were "void *ab initio* due to multiple jurisdictional and procedural defects." (*Id*., PageID.4.) Those are legal conclusions. The Court does not accept them as true when ruling on Freddie Mac's motion for summary judgment. Similarly, in Plaintiff's affidavit he states:

> 2. Federal Home Loan Mortgage Corporation ("Freddie Mac") had no legal position or authority whatsoever to foreclose on the Wilson house located at 5494 Wilson Rd., Fruitport, MI 49415. Freddie Mac never submitted the original promissory note pursuant to Michigan State laws in the 2009-2010 foreclosure, the 2011 state eviction proceedings, the removed federal case (1: l 1-cv-00577), or in this action. To this day Freddie Mac has not and cannot produce the original promissory note and has no legal authority to foreclose.
>
> 3. Freddie Mac's own Exhibit A attached to its March 20, 2026, Response is nothing more than a redacted photocopy showing only internal "WITHOUT RECOURSE" endorsements between Fifth Third entities. There is no endorsement or negotiation to Freddie Mac, no chain of custody proving transfer under UCC Article 3, and zero assignment of the note or mortgage ever recorded with the Muskegon County Register of Deeds . Even if the photocopy were somehow authentic (which it is not), Michigan law (MCL § 600.3204(l)(d) and (3)) required Freddie Mac to prove ownership of the indebtedness. It never did.
>
> 4. I swear under oath that Freddie Mac never produced the original Note in any prior proceeding, still cannot produce it today, and has never filed any recorded assignment in Muskegon County. This fatal defect alone renders the sheriff's sale, sheriffs deed (Liber 3834, Page 431), all eviction orders, and the 2013 federal judgment VOID AB INITIO.

(Davis Aff., ECF No. 15, PageID.184.) The underlined statements are legal conclusions. And, more importantly, as set forth fully below, they are erroneous legal conclusions.

An opponent of a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*., at 257. Federal Rule of Civil Procedure 56(c) identifies the types of affirmative evidence contemplated: "depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Even when the Court considers Plaintiff's "verified" statements, the Court need not accept every "verified" statement as true. Federal Rule of Civil Procedure 56 identifies specific requirements for affidavits or declarations used to support or oppose a motion for summary judgment: they "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

With regard to the "personal knowledge" requirement, the Sixth Circuit has explained that "[p]ersonal knowledge 'is gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." *Nationwide Recovery, Inc. v. City of Detroit, Mich.*, 163 F.4th 977, 987 (6th Cir. 2026) (quoting *Personal Knowledge*, Black's Law Dictionary (12th ed. 2024)). Moreover, to the extent Plaintiff's "verified" statements reflect only that which he heard from others, it is not properly before the Court because it is inadmissible hearsay. *See, e.g., Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 516 (6th Cir. 2022) (concluding that the district court properly excluded an affidavit containing "extensive hearsay"); *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.1999) (holding that the court may not consider hearsay on a motion for summary judgment).

It is also important to note that "[e]ven if Rule 56 commands judges to view the facts in the light most favorable to the nonmoving party, it certainly doesn't require [the court] to put blinders on." *DeVooght*, 157 F.4th at 900.

> When . . . the parties tell conflicting stories, "one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). This applies not only when there is

> videotape evidence, but whenever the nonmoving party's version is "so blatantly contradicted by objective evidence in the record that it fails to create a genuine issue of material fact for trial." *Coble*, 634 F.3d at 869.

*Booher ex rel. T.W. v. Montavon*, 555 F. App'x 479, 484 (6th Cir. 2014) (parallel citation and footnote omitted).

"[T]he standard that a movant must meet to obtain summary judgment depends on who will bear the burden of proof at trial." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 115 F.4th 480, 488 (6th Cir. 2024) (alteration in original) (quoting *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 491 (6th Cir. 2020)). "[W]hen the moving party bears the burden of proof [at trial], their initial summary judgment burden is higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id*. at 489 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted). When the moving party does not bear the burden of proof at trial, they may meet their initial burden at summary judgment by "either: (1) submitting 'affirmative evidence that negates an essential element of the nonmoving party's claim'; or (2) demonstrating 'to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'" *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).The nonmovant must then present "sufficient evidence from which a jury could reasonably find in [their] favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).

Plaintiff, the moving party with respect to his motion and the non-moving party with respect to Freddie Mac's motion, bears the burden of proof at trial. Thus, to prevail, Freddie Mac must either demonstrate that Plaintiff cannot present evidence to show an essential element

of his claim or present evidence that negates an essential element of Plaintiff's claim. As set forth below, the Court finds that Freddie Mac has made the necessary showing.

**II. Pro Se Litigants Cannot Represent or Present the Claims of Other Persons**

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id*. (emphasis added). The statute clearly makes no provision for a pro se party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed pro se, but only with respect to his or her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Here, Plaintiff's complaint presents alleged violations of other non-parties' rights. For example, Plaintiff attacks the foreclosure by advertisement based on purported flaws in the procedures followed. Plaintiff contends that these flaws violated due process rights. But Plaintiff does not allege he had any interest in the Wilson Road Property at the time of the foreclosure. Based on Plaintiff's statement regarding his nebulous interest in the property, the interest appears to have arisen after the mortgage, the foreclosure, and the quit claim deed to Ervin Lamie, Jr. Plaintiff allegations suggest the interest existed at the time of the eviction proceedings:

> Dennis Allen Davis held a financial interest in the Wilson Road Property *at the time of the eviction proceedings*. Plaintiff Mr. Davis resided at or had a possessory and financial stake in the property, including potential liens or equitable interests arising from contributions to the property or agreements with the Lamie family.

(Compl., ECF No. 1, PageID.5 (emphasis added.) Accordingly, any procedural/jurisdictional flaws in proceedings that preceded his interest in the property could not have deprived Plaintiff of any

interest in the property. It is arguable that a flaw in notice to Plaintiff regarding the eviction proceeding might give rise to a due process claim, but flaws in notice to the Lamies would not. Moreover, based on Plaintiff's allegations it appears that Plaintiff Ervin Lamie, Jr.—the apparent source of Plaintiff's alleged interest—had adequate notice of the proceedings.

It is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir.1990); *see also McKelvie v. Cooper*, 190 F.3d 58, 64 (2d Cir. 1999) (quoting Archuleta); *Howerton v. Fletcher*, 213 F.3d 171, 173 (4th Cir. 2000) (same); *Ray v. Maher*, 662 F.3d 770, 774 (7th Cir. 2011) (same). To the extent that Plaintiff's claims for relief rely on violations of another person's rights, Freddie Mac is entitled to judgment as a matter of law.

The Sixth Circuit has described the concept that a "'plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties,'" as one of "'a set of prudential principles that bear on the question of standing.'" *Henry v. Blank*, 167 F.4th 375, 381 (6th Cir. 2026) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975) and *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982)). The *Henry* panel described the standing requirement as follows:

> "[T]he issue of standing," . . . is "the threshold question in every federal case." *Miller v. City of Cincinnati*, 622 F.3d 524, 531 (6th Cir. 2010) (quoting *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir.1987)). "Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'" *Dayton Area Chamber of Com. v. Kennedy*, 147 F.4th 626, 632 (6th Cir. 2025) (quoting U.S. Const. art. III, § 2, cl. 1). "To satisfy this 'case-or-controversy' requirement, a plaintiff must establish three elements: (1) an 'injury in fact' that is 'concrete and particularized,' and 'actual or imminent'; (2) 'a causal connection between the injury and the conduct' at issue, meaning that the injury must be fairly traceable to the defendant's action; and (3) a likelihood that the injury would be 'redressed by a favorable decision' of the court."

> *Id*. (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A failure to establish any one of these elements is fatal to the plaintiff's standing to sue. *See id*.

*Henry*, 167 F.4th at 380–81 (parallel citations omitted).

Reviewing, one by one, the procedural flaws of which Plaintiff complains, there is either no injury to Plaintiff or no connection between Freddie Mac's actions and Plaintiff's alleged injury. First, Plaintiff complains that the state-court clerk failed to affix the court seal to the summons as required by the Michigan Court Rules. (Compl., ECF No. 1, PageID.4.) That alleged failure is attributed to the state court clerk, not Freddie Mac. Plaintiff does not have standing to seek relief against Freddie Mac for any resulting injury, because the injury is not traceable to Freddie Mac's conduct.

Second, Plaintiff complains that the court officer failed to properly serve the summons and complaint on Ervin Lamie Sr. (*Id*.) Plaintiff does not have standing to pursue relief here because he has not alleged actual concrete and particularized injury to him as a result.

Third, Plaintiff complains that this Court issued orders and a judgment affecting property in Muskegon County without affixing the court seal. (*Id*.) That alleged failure is attributed to this Court, not Freddie Mac. Plaintiff does not have standing to seek relief against Freddie Mac for any resulting injury, because the injury is not traceable to Freddie Mac's conduct.

Fourth, Plaintiff complains that Freddie Mac never produced the original promissory note in connection with the foreclosure proceedings which, according to Plaintiff, the foreclosing party must do. (*Id*.) Plaintiff does not have standing to seek relief against Freddie Mac for any resulting injury because Freddie Mac was not the foreclosing party. Thus, the claimed injury is not traceable to Freddie Mac's conduct.

Plaintiff alleges a couple of other flaws. He claims that the foreclosure sale ignored the quitclaim deed to Ervin Lamie, Jr., which predated the foreclosure sale and, according to

Plaintiff, extinguished any interest Fifth Third Bank, the foreclosing party, or Freddie Mac could claim post-transfer. (*Id*., PageID.5.) Again, Freddie Mac did not foreclose on the property. Thus Plaintiff could not trace his injury to Freddie Mac and Plaintiff does not have standing to seek relief against Freddie Mac for this claim.

Where Plaintiff has failed to properly connect a claimed injury to the conduct of Freddie Mac, there are no genuine issues of material fact and Freddie Mac is entitled to judgment as a matter of law.

**III. All of Plaintiff's Claims are Premised on Misstatements of Michigan Law**

Plaintiff also claims that, because of his interest in the property, he was entitled to participate in the summary eviction proceedings to protect that interest. (*Id*.) At least the eviction proceeding involved Freddie Mac. But, as discussed in detail below, this claim and, indeed, all of Plaintiff's claims, rely on unsupportable legal conclusions that Plaintiff has pulled out of thin air.

**A. Ervin Lamie Jr.'s Interest in the Wilson Road Property was Subject to the Mortgage**

Plaintiff contends that the quit claim deed effectively precluded the effectiveness of the foreclosure sale because the deed was executed before the foreclosure sale even though it was recorded after the sale. He provides no argument or authority to support that position. He simply declares it to be so. He is wrong.

"Foreclosure sales by advertisement are defined and regulated by statute. Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Senters v. Ottawa Savings Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993) (footnotes omitted). Foreclosure by advertisement is governed by MCL 600.3208 *et seq*. With respect to the rights of the purchaser at a foreclosure sale, MCL 600.3236 provides:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, *all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage*, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby.

Mich. Comp. Laws § 600.3236 (emphasis added). Once the statutory redemption period lapses, the mortgagor's right, title, and interest in and to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *Trademark Properties of Michigan, LLC v. Fed. Nat'l Mtg. Ass'n*, 863 N.W.2d 344, 349 (Mich. Ct. App. 2014). Furthermore, after the redemption period expires the mortgagor can no longer assert any claim with respect to the property. *Piotrowski*, 4 N.W.2d at 517. Similarly, any interests in the property created after the mortgagor entered into the mortgage also are extinguished. *See* Mich. Comp. Laws § 600.3236; *Senters*, 503 N.W.2d at 641–42; *In re Parlovecchio*, 315 B.R. 694 (Bankr. E.D. Mich., 2004) (applying Michigan law and holding that "[w]hen not redeemed, a sheriff's deed ripens into legal title and cuts off all junior interests in the property that were not consented to by the mortgagee").

The quit claim deed was executed after the mortgage was executed and recorded. Thus, whatever interest Ervin Lamie, Jr. acquired by way of the quit claim deed, it was subject to the mortgage.[1]

[1] Moreover, "Michigan has a race-notice recording statute. *See* Mich. Comp. Laws § 565.29. When a conveyance of real property isn't recorded, that conveyance is void against a subsequent purchaser who records first and didn't have notice of the earlier conveyance." *In re Reinhardt*, 177 F.4th 684, 698 (6th Cir. 2026).

**B. Plaintiff was not Entitled to Notice or an Opportunity to be Heard in the Foreclosure by Advertisement Proceedings or the Summary Proceedings to Recover Possession of Property**

As explained above, once the statutory redemption period lapses, the mortgagor's right, title, and interest in and to the property are extinguished. The mortgagor may have conveyed interests in the mortgaged real estate after the mortgage was signed. Yet not every person who might hold an interest in real property is a necessary party or entitled to notice of foreclosure proceedings or summary proceedings to recover possession. *Tilchin v. Boucher*, 43 N.W.2d 885 (Mich. 1950); *White v. Riness*, No. 347924, 2020 WL 3397395, at *2–3 (Mich. Ct. App. June 18, 2020); *In re Michael V. White*, No. 13-21977-dob, 2023 WL 9007957 (Bankr.E.D.Mich. Dec. 28, 2023) (quoting *White v. Riness*). If, when the mortgage was recorded, the conveyance was not "of record," *see* n.1 *supra*, unless the mortgagee consented to the conveyance, the conveyed interest will be extinguished when the redemption period expires. The Sixth Circuit Court of Appeals has reviewed the notice requirements for Michigan's foreclosure by advertisement remedy and concluded that notice by publishing and posting is "not at odds with notions of due process under both common law and Supreme Court precedent." *Garcia v. Federal Nat. Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015). There is no dispute regarding compliance with those notice requirements here. Although the foreclosure statute requires additional notice to the borrower, *id*., no notice beyond publication and posting is required for anyone else. Similarly, in summary proceedings to recover possession of premises, not every person who holds an interest in the subject premises is a necessary party entitled to notice and an opportunity to be heard. *Tilchin v. Boucher*, 43 N.W.2d 885 (Mich. 1950).

**C. Not Every Procedural Irregularity Renders a Foreclosure or Summary Proceeding to Recover Possession of Premises Void *Ab Initio***

Plaintiff claims that every procedural irregularity rendered something "void ":

1. Freddie Mac's failure to produce the original promissory note rendered the sheriff's deed void *ab initio*.
2. Ervin Lamie, Jr.'s Affidavit of Expungement rendered the sheriff's deed void *ab initio*.
3. The state court clerk's failure to affix the court seal to the summons rendered the summons invalid and deprived the court of jurisdiction.
4. This Court failure to affix the court seal to the judgment rendered the judgment void *ab initio*.

(*See generally* Comp., ECF No. 1.)

**1. Freddie Mac's "Failure" to Produce the Original Promissory Note had No Impact on the Validity of the Sheriff's Deed**

This claim derives from the Michigan Court of Appeals decision in *Residential Funding Co., L.L.C. v. Saurman*, 807 N.W.2d 412 (2011) (*Saurman I*). The *Saurman I* decision "declare[d] that mortgagees (like MERS) who were not also noteholders could not lawfully foreclose." *Wuori v. Wilmington Savings Fund Society*, 666 F. App'x 506, 510 (6th Cir. 2016). Seven months later, the Michigan Supreme Court reversed *Saurman I* in *Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183 (2011) (*Saurman II*), "holding that mortgagees like MERS could indeed foreclose even if they were not also the lender or noteholder." *Wuori*, 666 F. App'x at 510. For that seven-month period, it mattered whether the foreclosing mortgagee was also the noteholder. The mortgagee of record could only foreclose by advertisement if it also held the note, otherwise, under *Saurman I*, the foreclosure and sheriff's deed would be void *ab initio*. *Trademark Properties*, 863 N.W.2d at 347.

The crux of Plaintiff's claim appears to be that Freddie Mac is required to produce the original note to demonstrate that it was held by Fifth Third Bank, the foreclosing mortgagee of record, to comply with *Saurman I*. But *Saurman II* eliminated the requirement that the foreclosing mortgagee of record must also hold the note. The foreclosure sale and sheriff's deed preceded *Saurman I*. Ervin Lamie, Jr., raised this argument in *Lamie v. Federal Home Loan Mort. Corp.*,

No. 1:11-cv-156 (W.D. Mich.). This Court rejected the argument with regard to this very sheriff's deed. *Lamie v. Federal Home Loan Mort. Corp.*, No. 1:11-cv-156, 2012 WL 1835243, at *2–5 (W.D. Mich. May 12, 2012). For all of the reasons set forth in *Lamie*, the Court rejects the same argument from Plaintiff.

### *2.* Lamie's Affidavit of Expungement Does Not Render the Sheriff's Deed Void *Ab Initio*

Michigan Compiled Laws § 565.451a states:

> An affidavit stating facts relating to any of the following matters that may affect the title to real property in this state and made by any person having knowledge of the facts and competent to testify concerning those facts in open court may be recorded in the office of the register of deeds of the county where the real property is situated:
>
> * * *
>
> (b) Knowledge of the happening of any condition or event that may terminate an estate or interest in real property.

Mich. Comp. Laws § 565.451a. Additionally, Michigan Compiled Laws § 565.453 provides:

> The affidavit, whether recorded before or after the passage of this act, may be received in evidence in any civil cause, in any court of this state and by any board or officer of the state in any suit or proceeding affecting the real estate and shall be prima facie evidence of the facts and circumstances therein contained.

Mich. Comp. Laws § 565.453.

Ervin Lamie, Jr. has recorded such an "expungement affidavit." (Lamie Aff., ECF No. 1-9, PageID.28–29.) Essentially, the affidavit simply recounts the same legal conclusions that are set out in Plaintiff's complaint. Plaintiff suggests that the affidavit, standing alone, rendered the sheriff's deed void. Plaintiff is wrong. In *Wilmington Savings Fund Society, F.S.B. v. Clare*, 919 N.W.2d 420 (Mich. Ct. App. 2018), the Michigan Court of Appeals rejected such a reading of the statute:

> In fact, we have never considered the question whether MCL 565.451a(b) provides authority for a former mortgagee to expunge a foreclosure by filing an affidavit

> unilaterally setting aside the sheriff's deed and reinstating a mortgage for no reason other than the filing of the affidavit itself. We now consider that question and conclude that this "admittedly curious practice" is not permitted under the statute. *Wuori*, 666 F. App'x at 510.
>
> The plain language of the statute does not include any indication that an affidavit may be used to create a condition. It necessarily follows that a party cannot unilaterally revoke a foreclosure sale by recording an affidavit that is itself the claimed condition. There is no statutory basis for concluding that the Legislature intended for a party to be able to rescind a foreclosure sale and revive a mortgage by merely recording an affidavit that it "agrees" to do so. We may not read language into unambiguous statutes. *See Roberts v. Mecosta Co. Gen. Hosp.*, 466 Mich. 57, 63, 642 N.W.2d 663 (2002).

*Wilmington Savings*, 919 N.W.2d at 426. Accordingly, the Court concludes that, as a matter of law, the affidavit of expungement did not render the sheriff's deed void.

**3. The Failure of the Muskegon District Court or this Court to Place the Court Seal on the Summons or the Judgment Did Not Render the Proceedings or Any Document Void *Ab Initio***

Michigan Court Rule 2.102 specifies the form of a proper summons. One requirement is that the summons be issued under the seal of the court that issued it. Mich. Ct. R. 2.102. Plaintiff contends that the summons issued by the Muskegon District Court to Ervin Lamie, Sr. did not include the impression of the court seal. That shortcoming, according to Plaintiff, invalidates anything that happened thereafter.

Plaintiff attaches a photocopy of the summons to his complaint. (Summons, ECF No. 1-3.) The photocopy does not appear to include an impressed seal.[2] Plaintiff's contention that the absence of the seal undercuts everything that happened thereafter, however, is wrong.

The Michigan Court of Appeals considered a similar challenge in *Brazos Higher Education Service Corp. v. Stinnett*, No. 329780, 2017 WL 1103459 (Mich. Ct. App. Mar. 23,

---

[2] Another, presumably earlier, iteration of the photocopied summons appears to have an impressed seal. *Federal Home Loan Mort. Corp. v. Lanie*, No. 1:11-cv-577 (W.D.Mich.) (ECF No. 1-1, PageID.10.)

2017). In *Brazos*, the court considered the impact of a party's failure to satisfy all of the form requirements of Mich. Ct. R. 2.102(B). The court rejected the argument that failure to comply with every element of the rule invalidated the results:

> We also find meritless Stinnett's argument that the clerical errors in the summons—i.e. the wrong suite number and city of residence—mandate reversal. Pursuant to MCL 600.2301,
>
> > The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.*
>
> Therefore, under the plain language of MCL 600.2301, the trial court was required to disregard the clerical errors in the summons so long as they did not affect Stinnett's substantial rights. *See also Delph v. Smith*, 354 Mich. 12, 15; 91 N.W.2d 854 (1958) (holding that errors in a summons only result in the lack of jurisdiction over a party and require dismissal where "the opposite party has been prejudiced by them"). Here, because Stinnett actually received the summons, she was not prejudiced by the clerical errors in it.

*Brazos*, 2017 WL 1103459, at *2.

Unless Plaintiff can show prejudice from the failure to seal the summons or the judgment, the statute compels the court to disregard the error or defect. Plaintiff has not identified any prejudice. The summons at issue was directed to Ervin Lamie Sr. Ultimately, Ervin Lamie Sr.'s presence was not required to resolve the suit. The Wilson Road Property had been conveyed to Ervin Lamie Jr. Ervin Lamie Jr. appeared in the case. Plaintiff identifies no prejudice.

This Court is not bound by state court procedural rules. *D.A.N. Joint Venture Properties of Michigan, L.L.C. v. Vernier*, No. 2:12-cv-398, 2013 WL 6174826, at *2 (W.D. Mich. Nov. 221, 2013). Moreover Plaintiff identifies no prejudice resulting from the absence of a court seal on any document issued in *Federal Home Loan Mort. Corp. v. Lanie*, No. 1:11-cv-577 (W.D.Mich.). The absence certainly did not affect a substantial interest of the parties. Accordingly,

the Court concludes as a matter of law, that the summary proceedings to recover premises were not voided by any procedural flaws.

## IV. Rule 60(d)(3)

Federal Rule of Civil Procedure 60 identifies grounds that permit the Court to provide a party or its legal representative with relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subparagraph (d) explains that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). The rule, in disclaiming that it limits a court's power to set aside a judgment for fraud on the court, does not grant that power. "The Supreme Court has recognized a court's inherent power to grant relief, for 'after-discovered fraud,' from an earlier judgment 'regardless of the term of [its] entry.'" *Demjanjuk v. Petrovsky*, 10 F.3d 338, 356 (6th Cir. 1993) (quoting *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (19444 (1944)).

The Sixth Circuit has described "fraud on the court" as follows:

> Fraud on the court consists of "only that species of fraud which does or attempts to defile the court itself . . . so the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002) (cleaned up). To establish that Comerica committed fraud on the court, Vining must show there was conduct: (1) by "an officer of the court"; (2)

> that was "directed to the 'judicial machinery' itself"; (3) that was "intentionally false, willfully blind to the truth, or [was] in reckless disregard for the truth"; (4) that was "a positive averment or [was] concealment when one [was] under a duty to disclose"; and (5) that "deceive[d] the court." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). Vining has the burden of proving the existence of fraud on the court by "clear and convincing evidence." *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009).

*In re M.T.G., Inc.*, 164 F/4th 564, 574 (6th Cir. 2026) (footnote omitted). Plaintiff claims that Freddie Mac perpetrated fraud on the court by pursuing foreclosure and eviction without standing, failing to disclose the promissory note defect, and ignoring service failures . . . ." (Compl., ECF No. 1, PageID.6.)

Plaintiff's claim fails, and Freddie Mac is entitled to judgment as a matter of law, for several reasons. Freddie Mac cannot perpetrate a fraud on the court because Freddie Mac is not an officer of the court. *In re M.T.G., Inc.*, 164 F.4th at 574 (explaining that "Comerica is not directly liable because only an officer of the court can commit fraud on the court and, in this proceeding, Comerica itself is not an officer of the court"). Freddie Mac's counsel in the prior federal cases functioned as an officer of the court and, thus, could arguably perpetrate a fraud on the court. But Plaintiff does not allege or otherwise identify any statement by counsel that was intentionally false or that demonstrated willful blindness to, or reckless disregard for, the truth. So there is no fraud on the court by Freddie Mac's counsel for which Freddie Mac might be vicariously liable.

Plaintiff does not even allege a garden-variety type of fraud here. His challenges are not based on falsehoods, they are based on perceived procedural flaws that Plaintiff contends void every action taken by this Court thereafter. Plaintiff offers his own say-so in support of the jurisdiction-stripping effect of the procedural flaws he perceives, but he provides neither compelling case authority nor persuasive argument in support.

Because Plaintiff does not identify any "fraud," it is not surprising that he has also failed to show that the Court was "deceived." The Court was certainly made aware of the perceived procedural flaws that Plaintiff references. Plaintiff alleges that the Court was made aware of the "defects" by Plaintiff's predecessor, Ervin Lamie, before the Court resolved the claims in favor of Freddie Mac. (Compl., ECF No. 1, PageID.5 ("Ervin Lamie has filed prior actions [in this Court] challenging these defects").) The Court was not deceived; rather, the Court concluded that the "defects" did not have the dire consequences that first Mr. Lamie and now Plaintiff claim.

In short, Plaintiff has failed to allege or show "that species of fraud" that would warrant revisiting any of the judgments rendered in the previous cases. Accordingly, there are no genuine issues of material fact regarding Plaintiff's "fraud on the court" claim and Freddie Mac is entitled to judgment as a matter of law.

**V. § 1983 Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff alleges that "Freddie Mac, acting under color of state law in the foreclosure and eviction processes, deprived Plaintiff one of the interested parties of property without due process by proceeding without proper service, standing, or jurisdictional prerequisites." (Compl., ECF No. 1, PageID.6.)

The fact that a person may seek relief pursuant to state statutes relating to foreclosure or eviction or seek relief in the state courts does not mean that the person is acting "under color of state law." *See, e.g., Stanton v. Federal Nat. Mortg. Ass'n*, No. 1:09-cv-990, 2010 WL 707346, at *3 (W.D. Mich. Feb. 23, 2010) ("The Sixth Circuit has held that Michigan's statute regulating foreclosure by advertisement does not involve state action for purposes of the Due

Process Clause of the Fourteenth Amendment. *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 27–28 (6th Cir.1975)."); *Kropek v. Sullivan*, 35 F.Supp.3d 880, 893 (E.D.Mich. 2014) (noting that "a private party pursuing eviction via the state courts is not acting under color of state law").

Moreover, "Freddie Mac is not a government actor who can be held liable for constitutional violations." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 168 (6th Cir. 2014); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (noting that "[i]n *Mik* . . . we held as a matter of law that Freddie Mac is not a state actor"); *Federal Home Loan Mortg. Corp. v. Gaines*, 589 F. App'x 314, 316 (6th Cir. 2014) (stating "we hold that Freddie Mac is not a state actor"). Accordingly, there are no genuine issues of material fact and Freddie Mac is entitled to judgment as a matter of law on Plaintiff's § 1983 claim.

**VI. Quiet Title and Eviction Claims**

Plaintiff raises a claim to quiet title to the Wilson Road Property under Michigan Compiled Laws § 600.2932, which states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff.

Mich. Comp. Laws § 600.2932(1). "This statutory language requires a plaintiff seeking to quiet title to establish a substantive right in the property superior to others claiming an inconsistent interest." *Berry v. Main Street Bank*, 977 F. Supp. 2d 766, 776 (E.D. Mich. 2013) (citing *Beach v. Township of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1 (2011)). "Plaintiff bears the initial burden of proof and must establish a prima facie case of title" which "requires a description of the chain of title through which ownership is claimed." *Berry*, 977 F. Supp.2d at 776.

Plaintiff's allegations regarding his interest are as follows:

> [Plaintiff] is an individual that has a financial interest in the real property stated below within this complaint. . . .

> Freddie Mac claims ownership and possession of the Wilson Road Property based on a void sheriff's deed and prior void court orders.
>
> * * *
>
> Additionally, individual and plaintiff Dennis Allen Davis held a financial interest in the Wilson Road Property at the time of the eviction proceedings. Plaintiff Mr. Davis resided at or had a possessory and financial stake in the property, including potential liens or equitable interests arising from contributions to the property or agreements with the Lamie family.

(Compl., ECF No. 1, PageID.3, 5.) Plaintiff's allegations do not even show the nature of his purported interest in the Wilson Road Property and he has not attached a statement of the title on which he relies. It appears that Plaintiff contends that he derived his interest from Ervin Lamie, Jr. who, in turn, acquired his interest by quit claim deed from Ervin Lamie Sr. after he had executed the mortgage on the Wilson Road property that was eventually foreclosed and led to the sheriff's deed to Freddie Mac.

More importantly, Plaintiff has failed to show that Freddie Mac claims any interest in the Wilson Road Property. Freddie Mac has shown that it conveyed its interest in the Wilson Road property on July 27, 2016. (Covenant Deed, ECF No. 12-10, PageID.152–153.) Plaintiff has not shown that Freddie Mac claims or might claim an interest in the Wilson Road property; therefore, he is not entitled to relief under the quiet title statute. Freddie Mac is entitled to judgment as a matter of law on Plaintiff's quiet title claim.

Plaintiff's claim seeking to recover possession of premises fares no better. Michigan Compiled Laws § 600.5714 specifies the circumstances when a person who is entitled to possession of premises may recover possession by summary proceedings. Mich. Comp. Laws § 600.5714(1). Because Freddie Mac does not possess or claim the right to possess the Wilson Road Property, none of the circumstances exist in this case. Plaintiff is not entitled to relief under the statute and Freddie Mac is entitled to judgment as a matter of law.

## VII. Declaratory Judgment Claim

"Plaintiff seeks a declaration that Judge Neff's orders, including the Writ of Restitution, are void and unenforceable." (Compl., ECF No. 1, PageID.6.) This Court lacks subject matter jurisdiction to review another District Court's decision or the decision of another judge on this Court. *See Shannon v. Sequeechi,* 365 F.2d 827, 829 (10th Cir. 1966) (noting that "the Declaratory Judgment Act (28 U.S.C.A. §§ 2201, 2202) . . . does not provide a means whereby previous judgment by state or federal courts may be reexamined . . . ."); *United States v. Westine*, No. 14–10, 2014 WL 7004930, at *3 (E.D. Ky. Dec. 10, 2014) (stating that "this Court has no jurisdiction to upset or review a past judgment issued by another District Court"); *Hirsch v. United States Marshals Serv.*, No. 13–1473, 2013 WL 5496807, at *1 (D.D.C. Sept. 26, 2013) ("Plaintiff seeks an order from this Court to declare the underlying judgment void for lack of jurisdiction . . ., but this Court lacks jurisdiction to review the orders of another district court." (internal quotation marks omitted)); *Cherry v. McDonough*, No. 4:07 cv 445–RH/WCS, 2008 WL 482739, at *4 (N.D. Fla. Feb. 18, 2008) ("This court has no authority to review decisions of another district court, or of the Eleventh Circuit, which reviews judgments of this and other district courts."); *Dana Corp. v. Fireman's Fund Ins. Co.*, Nos. 3:83CV1153, 3:85CV7491, 1997 WL 135591, at *2 (N.D. Ohio Feb. 10, 1997) ("More importantly, those other courts would be called on to sit in judgment for purposes of reviewing the orders of a court of coequal and equivalent jurisdiction. One district court has no such jurisdiction over another district court. As pointed out by the Sixth Circuit in *Graves v. Sneed,* 541 F.2d 159, 161 (6th Cir.1976), 'United States district courts are not courts of general jurisdiction [and they] have no jurisdiction except as prescribed by Congress pursuant to Article III.' I am unaware of any jurisdictional grant by Congress that authorizes one district court to sit in review of judgments by another district court."); *Seale v. Hoffman*, 306 F.Supp. 330, 331 (N.D.Ill. 1969) (explaining that "[a]lthough this action is styled a complaint for declaratory

judgment and injunction, essentially the plaintiff asks this court to review and rule upon the legal sufficiency and constitutionality of the rulings of and trial procedures practiced by another district court judge. . . . A federal district court is totally devoid of any authority under the Constitution o[f] the United States or under any act of Congress to sit as an appellate court and review the conduct of another federal trial court"). Accordingly, the Court cannot grant the relief that Plaintiff requests and Freddie Mac is entitled to judgment as a matter of law.

**Conclusion**

The Court will enter an order and judgment granting Defendant Freddie Mac's motion for summary judgment and denying Plaintiff's motion for summary judgment. Moreover, the Court will deny Plaintiff's motion seeking expedited consideration as moot.

Dated: September 30, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge